IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CRYSTAL LEANN SHARKEY, §<br>#56588-177, §<br>§<br>Movant, §<br>§<br>VS. §<br>§<br>UNITED STATES OF AMERICA, §<br>§<br>Respondent. § | Civil Action No. 3:25-CV-1213-D<br>(Criminal No. 3:17-CR-573-D)(1)) |

MEMORANDUM OPINION
AND ORDER

Movant Crystal Leann Sharkey ("Sharkey") has filed a May 12, 2025 motion seeking relief from her sentence. To the extent Sharkey seeks relief under 28 U.S.C. § 2255, the court summarily dismisses the motion without prejudice. And to the extent she seeks relief under 28 U.S.C. § 2241, the court dismisses the motion without prejudice for lack of jurisdiction.

I

In 2018, pursuant to a plea agreement, Sharkey pleaded guilty to possession of a controlled substance with intent to distribute and was sentenced to 210 months' imprisonment and a term of supervised of three years. Sharkey appealed, and her direct appeal was dismissed.

Sharkey now seeks relief citing 28 U.S.C. § 2255. She alleges that she is serving her sentence at FPC-Bryan, where she participates in the Bureau of Prisons ("BOP") Residential Drug Abuse Program, which the court recommended at sentencing. *See* 18 U.S.C. § 3621(e).

And she contends that her Presentence Report ("PSR") increased her offense level by two points for possession of a firearm, and that, once the BOP reviewed her PSR and noted the firearm enhancement, it denied credit for time off her sentence under § 3621(e). Sharkey moves the court to remove the two-level enhancement in the PSR for possession of a weapon.

II

A motion under 28 U.S.C. § 2255 is subject to initial review and summary dismissal when appropriate. Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]"

The court begins by determining whether Sharkey is asserting a viable claim under § 2255. After conviction and exhaustion or waiver of the right of direct appeal, the court presumes that a movant stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under § 2255, a movant can collaterally challenge her conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *see also* 28 U.S.C. § 2255(a) (providing for § 2255 relief if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack"). Even if the court liberally construes Sharkey's allegations, they do not present a cognizable basis for relief under § 2255. Sharkey does not assert any constitutional violation

or jurisdictional issue related to her federal sentence. She complains only about the denial of time credit by the BOP and asks the court to modify her PSR.

A review of the record confirms that Sharkey's counsel in fact objected to the application of the two-level enhancement for possession of a firearm. In response, the Probation Officer accepted her counsel's objection and amended the advisory guideline calculation in the PSR Addendum. At the sentencing hearing, the court acknowledged that the weapon-enhancement objection had been accepted in the PSR Addendum and resulted in a lower total offense level. Sharkey can review the PSR Addendum with her case manager at FPC-Bryan and confirm that this summary of the status of the objection is correct.

Sharkey's motion to vacate sentence under 28 U.S.C. § 2255 is therefore summarily dismissed without prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

III

Even if the court liberally construes Sharkey's pleading to challenge the execution of her sentence under 28 U.S.C. § 2241, the court lacks jurisdiction to consider it. *See Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (§ 2241 "is the proper procedural vehicle in which to raise an attack on 'the manner in which a sentence is executed'" (quoted case omitted)). Although Sharkey was sentenced in this court, any § 2241 action must be brought in the district in which she is confined. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding that sentencing court lacked jurisdiction over § 2241 petition because petitioner was not incarcerated within that district). Sharkey is now confined at FPC-Bryan.

Bryan, Texas lies within the geographical boundaries of the United States District Court for the Southern District of Texas, Houston Division.  Therefore, this court is not the proper forum for a § 2241 petition.

Assuming that Sharkey is challenging the execution of her sentence under 28 U.S.C. § 2241, the court dismisses the petition without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) (directing the court to dismiss actions over which it lacks jurisdiction).

IV

Pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability.

In light of the ruling in this case, the court concludes that movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If movant files a notice of appeal, she must pay the $605.00 filing fee or submit a motion to proceed *in forma pauperis*.

V

The clerk of the court is directed to (1) open for indexing purposes a habeas corpus action (nature of suit code 530 with cause 28 U.S.C. § 2241), (2) list as respondent the Warden of FPC-Bryan, (3) directly assign the new action to the same district judge and magistrate judge as this action, (4) docket a copy of this order and the construed habeas

petition in the new action, and (5) close the new action on the basis of this memorandum opinion and order.

**SO ORDERED**.

May 23, 2025.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE